UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| TATIANA Y. KOVALEVSKA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:16-cv-00203-TWP-TAB |
| ) | |
| BURLINGTON COAT FACTORY OF ) | |
| INDIANA, LLC doing business as ) | |
| BURLINGTON COAT FACTORY, and ) | |
| BURLINGTON COAT FACTORY DIRECT ) | |
| CORPORATION, ) | |
| ) | |
| Defendants. ) | |

**ORDER ON PARTIAL MOTION TO DISMISS**

Before the Court is a Partial Motion to Dismiss filed by Defendants Burlington Coat Factory of Indiana, LLC and Burlington Coat Factory Direct Corporation (collectively, "Burlington"), pursuant to Federal Rule of Civil Procedure 12(b)(6). (Filing No. 13.) On November 14, 2016, Plaintiff Tatiana Y. Kovalevska ("Kovalevska") filed a Complaint alleging that her former employer, Burlington, violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e. Specifically, Kovalevska alleges: 1) Burlington caused her to suffer a hostile work environment because of her national origin; 2) retaliated against her for complaining about their alleged discriminatory practices; and 3) subjected her to discrimination because of her national origin. (Filing No. 1.) Burlington moves to partially dismiss the Complaint, asserting Kovalevska's retaliation allegation fails to state a claim upon which relief can be granted. For the following reasons, the Court **GRANTS** the Partial Motion to Dismiss.

**I. BACKGROUND**

The following facts are not necessarily objectively true, but as required when reviewing a motion to dismiss, the Court accepts as true all well-pleaded facts alleged in the Complaint, and

draws all possible inferences in Kovalevska's favor.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.").

Kovalevska is a resident of Jeffersonville, Indiana.  In October 2014, she began working as a Receiving Clerk at a Burlington retail store in Clarksville, Indiana.  While working at Burlington, Kovalevska's supervisors and co-workers engaged in unwelcomed and highly offensive conduct.  They ridiculed Kovalevska's accent and referred to her as a "stupid Russian" and a "dirty Russian".  Kovalevska complained to management about the discriminatory comments, intimidation, and ridicule on at least two occasions.  Despite her complaints, Kovalevska's supervisors and co-workers continued engaging in discriminatory conduct.

Two days after filing a complaint, Kovalevska's store manager screamed at her for improperly stacking boxes in a display, despite Burlington's failure to instruct Kovalevska on how to properly complete the task.  Kovalevska's supervisors also forbade her from taking rest breaks, shortened her lunch breaks and, at times, did not allow her to take a lunch break at all.  When Kovalevska's family visited her at Burlington, a supervisor approached Kovalevska and her family in an intimidating fashion and threatened to physically harm Kovalevska.

Due to the treatment Kovalevska received from Burlington, Kovalevska resigned on February 28, 2015.  Several months later, on October, 19, 2015, Kovalevska submitted an Intake Questionnaire to the Equal Employment Opportunity Commission ("EEOC"), asserting employment discrimination and hostile work environment based on race and national origin. ([Filing No. 15-2 at 3](Filing No. 15-2 at 3).)  Kovalevska indicated that she sought help from attorney Tony Gubbel, regarding the discrimination she faced at Burlington.  The Questionnaire included an attached

statement detailing Kovalevska's work history, health issues, as well as an instance where Burlington employees reduced Kovalevska's breaks and called her "stupid or an idiot". *Id. at 6.*

Three months later, on January 18, 2016, Kovalevska filed a Charge of Discrimination with the EEOC. (Filing No. 19-1). Her Charge also asserted employment discrimination and hostile work environment based on race and national origin. The Charge specifically alleged:

> In October 2014, [Kovalevska] was hired as a Receiving Clerk by Burlington Coat Factory in Clarksville, Indiana. Almost immediately, [Kovalevska] began to be harassed and spoken to harshly by management. [Kovalevska's] work would be criticized unnecessarily and [she] would not be allowed to take…break[s] and lunch periods. In February 2015, [Kovalevska] resigned due to the harassment and harsh treatment. [Kovalevska] believe that [she] was harassed and constructively discharged because of [her] national origin, Ukrainian, in violation of Title VII of the Civil Rights Act of 1964, as amended.

(Filing No. 19-1).

Thereafter, on August 15, 2016, the EEOC sent Kovalevska a Notice of Right to Sue. Approximately three months later, on November 14, 2016, Kovalevska sought relief in this Court, alleging she suffered a hostile work environment, retaliation, and discrimination based upon her race and national origin. (Filing No. 1.) Burlington filed a Partial Motion to Dismiss the Complaint, asserting Kovalevska failed to exhaust all administrative remedies regarding her retaliation claim. (Filing No. 13.)

## II. **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski v. County of Kane,* 550 F.3d 632, 633 (7th Cir.2008). However, courts "are

3

not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id*.; see also *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support"). The allegations must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted). Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.,* 556 F.3d 575, 580 (7th Cir.2009) (internal citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556).

### III. **DISCUSSION**

Burlington asks the Court to dismiss Kovalevska's retaliation claim because, when filing her Charge, Kovalevska alleged only hostile work environment and discrimination claims. Kovalevska did not allege retaliation.

4

A plaintiff wishing to bring a claim pursuant to Title VII must exhaust all administrative remedies prior to seeking relief in federal court. *Alam v. Miller Brewing Co*., 709 F.3d 662, 666–67 (7th Cir. 2013). In order to exhaust administrative remedies, a plaintiff must first file with the EEOC a charge detailing the alleged discrimination and the EEOC must issue a right-to-sue letter. *Conner v. Illinois Dep't of Natural Res*., 413 F.3d 675, 680 (7th Cir. 2005). As a general rule, a plaintiff "may not complain to the EEOC of only certain instances of discrimination, and then seek judicial relief for different instances of discrimination." *See Rush v. McDonald's Corp*., 966 F.2d 1104, 1110 (7th Cir.1992). However, claims set forth in a complaint are cognizable, even if not specifically asserted in an EEOC charge, when the claims are "like or reasonably related to the allegations of the [EEOC] charge and growing out of such allegations." *Cheek v. Western and Southern Life Ins*. Co., 31 F.3d 497, 500 (7th Cir.1994).

In response, Kovalevska relies on *Wilburn* when contending her retaliation claim meets the exception to the general rule because: it arises out of a common factual basis as the claims in the EEOC charge, it concerns the same employees, and the retaliation occurred within a relatively small time frame. *See Wilburn v. Watry Indus., LLC*, 2016 WL 5107080 at *4 (E.D. Wis. Sept. 19, 2006). Kovalevska also argues that Burlington and the EEOC were aware of her retaliation claim because she explicitly explained in the Questionnaire that she opposed Burlington limiting her breaks and, following her opposition, a Burlington employee named Matthew called Kovalevska "stupid or an idiot." ([Filing No. 15-2 at 6](Filing No. 15-2 at 6).) Kovalevska further notes that the Charge provided notice of the retaliation claim because, in Burlington's response to the EEOC Charge, Burlington mentions that "this is the second time Kovalevska brought violence to the workplace by having her husband come to the store after…a disagreement…" ([Filing No. 15-3 at 6](Filing No. 15-3 at 6)).

5

The Court first notes, even when reading the Charge broadly, neither the Charge, the Questionnaire, nor Burlington's response provides notice of Kovalevska's retaliation claim. *See* ([Filing No. 19-1](#)). Kovalevska never mentioned to the EEOC that she made reports to Burlington's management about suffering discrimination or harassment; nor did Kovalevska mention suffering adverse employment actions after engaging in activities protected by Title VII. *See Wojtanek v. Pactiv LLC*, 492 F. App'x 650, 653 (7th Cir. 2012) (holding, although plaintiff informed the EEOC that defendant "retaliated" by firing plaintiff after plaintiff refused to complete certain paperwork, plaintiff did "not allege that [he] was retaliated against *for engaging in protected activity*").

The Court also finds that the exception to the general rule does not apply and Kovalevska's reliance on *Wilburn* is without merit. Unlike Kovalevska, the plaintiff in *Wilburn* made clear in his EEOC charge and complaint that he was called racial slurs by specific employees and later terminated *after filing two reports with human resources*. *Wilburn*, 2016 WL 5107080, at *2-3 (emphasis added). Accordingly, the Court **grants** Burlington's Partial Motion to Dismiss because, without any mention of Kovalevska's reports to management, "the allegations of retaliation alleged in the complaint could [not] reasonably be expected to grow out of…the allegations in [Kovalevska's] EEOC charge." *Id*. "[A]llowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would frustrate the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge." *Cheek*, 31 F.3d at 500.

### IV. <u>CONCLUSION</u>

For the reasons mentioned above, the Court **GRANTS** Burlington's Partial Motion to Dismiss. ([Filing No. 13](#).) Kovalevska's retaliation claim is **dismissed with prejudice** because Burlington constructively discharged Kovalevska on February 28, 2015—well beyond the one hundred and eighty day limitation period for filing a charge with the EEOC. *See* 42 U.S.C. §

6

2000e-5(e)(1) (an EEOC charge "shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred").

**SO ORDERED.**

Date: 7/3/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Charles W. Miller
MILLER & FALKNER
cmiller@millerfalknerlaw.com

Rheanne D. Falkner
MILLER & FALKNER
rfalkner@millerfalknerlaw.com

Blake J. Burgan
TAFT STETTINIUS & HOLLISTER LLP
bburgan@taftlaw.com

Erin Thornton Escoffery
TAFT STETTINIUS & HOLLISTER LLP
eescoffery@taftlaw.com